139 N.J. Super. 157 (1976)
353 A.2d 113
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD SAX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 22, 1975.
Decided February 4, 1976.
*158 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Michael B. Blacker, attorney for appellant.
Mr. Edward W. McGrath, Union County Prosecutor, attorney for respondent (Mr. Michael H. Kessler, Assistant Prosecutor, and Mr. Gerald M. Compeau, Jr., on the brief).
PER CURIAM.
Defendant appeals from an adjudication of contempt in an action properly prosecuted in accordance with R. 1:10-1. The sole ground asserted in this appeal is that what he did did not "rise" to the level of "contempt conduct."
The facts are not at all disputed. Substantially, as defendant recounts them in his brief, they are as follows: On March 11, 1974 defendant received a parking ticket in the Town of Westfield. Shortly thereafter he apparently contacted the clerk of the municipal court and inquired about the amount of the fine and the procedure to be followed in the event that he chose to contest the validity of the summons. On March 14, 1974 the court clerk wrote to appellant a letter characterized by his counsel as "very respectful," indicating the amount of the fine and the date of the court appearance in the event defendant wished to contest the matter. She added, "if this date [the original trial date] is inconvenient for you, please contact the Court at 232-4666, and a new date will be arranged."
Defendant responded by remitting $2, accompanied by the following communication:
Dear Sir or Madam:
I put three dimes in for only two hours parking. Your coercive methods of getting money are rather ugly, as I have no time to haggle with you bureaucrats. Thank you and ____ you.
R. Sax
*159 The judge of the municipal court certified the language of the letter, as required by R. 1:10-1, heard defendant and his counsel, and adjudged defendant guilty of contempt. He expressly restrained himself from the imposition of a jail sentence but imposed a $100 fine for contempt of court. When he was reminded that defendant had in fact been charged with two contempts[1], he replied, "Well, if you want to do it that way * * * it'll be $50 for each."
Pursuant to N.J.S.A. 2A:10-3 defendant sought review in the County Court which heard the matter upon the law and the facts as the statute requires. The County Court judge affirmed the adjudication of contempt but added, "I don't think the fine should be $100 but it should be reduced to $50."
We believe defendant's conduct constituted a contempt and we affirm the adjudication below.
While defendant, an educated man who teaches in high school, sought below to excuse his abusive comment and gutter language by blaming it on frustration, neither there nor here was there an effort to defend it. Defendant below personally characterized it as "inappropriate." Rather, defendant seeks to avoid the charge of contempt by pointing out that offending the sensibilities of a person (such as the clerk who was a woman, or the judge of the court, a man), does not constitute a contempt. He insists that there must be a disruption or an obstruction of justice.
We disagree unless it is conceded that published disrespect aimed directly at the administration of justice by the judicial branch in and of itself constitutes a disruption. With appropriate regard for our safeguards of the sanctity of free *160 speech, we observe that the reason can be no better stated than it was in State v. Gussman, 34 N.J. Super. 408 (App. Div. 1955)
The rule is that all speech is to be protected, cf. Adams Theatre Co. v. Keenan, 12 N.J. 267, 277 (1953), save as some exception can justify itself. Here we have a public interest in maintaining a sufficient respect for the courts, at any event so that the very defendant served with a ticket may not, in place of an appearance on the return day, turn on the court and flout it to itself  and with gross accusations, insolence and, in a way, defiance. This is not a case that excites society's interest in truth and individual liberties. [at 413]
While Gussman is concededly distinguishable, if for no other reason than that there the letter was sent directly to the judge rather than to an intermediary such as a court clerk, that case clearly and correctly describes the prime importance of guarding against an unwarranted demeaning of the respect so essential to the survival of our judicial system and the totally necessary effective functioning of our courts. We have no doubt at all that to accuse the judicial branch of an "ugly" method of getting money is disrespectful. To assert unfair coercion is to accuse the court of ignoring the due process mandate, and this hacks at the very foundation of the process.
Defendant seeks further to avoid the implications of Gussman and State v. Jones, 105 N.J. Super. 493 (Cty. Ct. 1969). by noting that (1) "the letter was directed to the court clerk, with no knowledge that the judge would read it" and (2) it "contained language much milder in nature" than that of Gussman or Jones.
With respect to the first of these propositions, Gussman itself stands for the rule that an act of contempt may be in facie curiae even though the judge never sees it or hears it at all. Moreover, in the matter before us we seriously doubt if the assertedly repugnant haggling with "you bureaucrats" had only the clerk and not the judge as its object.
Regarding the nature of the language it is notable that defendant in his brief understandably confines his defense to *161 language other than the vulgar obscenity utilized in that which is generally described as the "complimentary close." No matter. The argument is as specious as would be one urging that a murder was less culpable because only one bullet was used rather than several.
We affirm the adjudication of contempt.
The fine gives us a little more trouble. While it was clearly the intent of the municipal judge to impose only one fine of $100 for the contempt, he ended up by imposing two separate $50 fines for that which he divided into two counts of contempt. While the County Court judge reduced the fine, he followed the lead of the municipal court judge in the bifurcation. We believe this was not right. The letter constituted but one contempt.
In view of this we exercise our original jurisdiction pursuant to R. 2:10-5 in order that the matter be finally determined. Defendant shall pay a fine of $25 for the contempt and remain liable for costs as assessed in the County Court below.
Except as thus modified with respect to the fines, the judgment below is affirmed.
NOTES
[1] While it is apparent that the trial judge believed the offense to have been bifurcated into two epithetical attacks, it is not clear precisely where he divided these. His statement at the hearing suggests that the first was limited to the suggestion of ugly, coercive methods of getting money, and the balance of defendant's vituperation constituted the second. However, in his order of contempt, he suggests that the phrase "fuck you" stands alone. In view of our determination this evident inconsistency is not important.